IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AMERICAN ENERGY- PERMIAN BASIN, LLC, )
)
)
Plaintiff, )
)
v. ) CIV-16-1024-R
)
)
ETS OILFIELD SERVICES, LP, )
)
Defendants. )

## ORDER

On November 22, 2016, the Court entered an Order holding Plaintiff's Motion to Remand in abeyance while simultaneously granting a Motion to Amend filed by Defendant ETS Oilfield Services, LP. The amendment was to permit Defendant to attempt to cure a defect in its Notice of Removal. Specifically, Defendant failed to establish the existence of diversity jurisdiction because it failed to identify the citizenship of the limited liability company Plaintiff by identifying the citizenship of its various members. As recently stated by the United States District Court for the District of Colorado:

> [W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.

*Villanuevo v. Lowe's Home Centers, LLC*, 2016 WL 7320393 (D.Colo. Dec. 16, 2016). Defendant's Amended Notice of Removal fails to establish the existence of diversity,

because Defendant is apparently unable to fully unravel the citizenship of Plaintiff's member entities. The Amended Notice of Removal states:

> 5. Plaintiff American Energy-Permian Basin, LLC, n/k/a Permian Resources, LLC, is a limited liability company organized under the laws of the State of Oklahoma, has its principal place of business in Oklahoma and upon information and belief is a citizen of the State of Oklahoma and the State of Delaware. Upon information and belief, Plaintiff's sole and managing member is Permian Resources Holdings, LLC, a Delaware Limited Liability Company. Given the information currently available, Defendant is unable to identify a single member of any of the members of Permian Resources Holdings, LLC as being a citizen of Defendant's alleged state of citizenship.
> 6. In Plaintiff's Disclosure Statement (Dkt. # 18), Plaintiff has confirmed that Permian Resources Holdings, LLC is the sole member of Permian Resources, LLC and that it is a Delaware limited liability company. Plaintiff further confirmed that the members of Permian Resources Holdings, LLC are all either Delaware or Oklahoma limited liability companies. Plaintiff further vaguely provided:
>> After an investigation, at least one of the members of the underlying LLCs is a citizen of Defendant's alleged state of citizenship, the State of Texas. Due to the complicated funding structures for the numerous LLCs, it would be extremely difficult to list all underlying members of the individual LLCs.
>
> [Dkt. # 18]. Plaintiff has refused (or is unable) to identify the constituent entity allegedly sharing citizenship with Defendant.

Amended Notice of Removal (Dkt. No. 20). Despite its inability to provide the requisite information regarding the identity of Plaintiff's member entities, Defendant nevertheless maintains in the Amended Notice of Removal that "Complete diversity between the parties exists and Plaintiff's claims for relief exceeds $75,000." Doc. No. 20.

Because this Court is one of limited jurisdiction, it must refrain from exercising jurisdiction unless it is certain that such jurisdiction has been granted by Congress. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have

a duty to satisfy ourselves that jurisdiction is appropriate."). Defendant, as the party invoking federal jurisdiction, bears the burden of establishing the existence thereof. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986). Finally, it is well-settled that the presumption is against removal jurisdiction. *Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002). Where removability is in question, any doubt must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The Court finds that as set forth above, Defendant has failed to establish the existence of diversity jurisdiction, because it has failed to provide the requisite information regarding the citizenship of Plaintiff's members, tracing those back as far as necessary to establish complete diversity. Because it is incumbent upon Defendant to do so, and because it is apparent that it cannot establish that diversity existed at the time of the filing of the Amended Notice of Removal, the Plaintiff's Motion to Remand (Doc. No. 9) is hereby GRANTED.

**IT IS SO ORDERED** this 19th day of December, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE